Jeremiah Hudson, ISB No. 8364
Marta Horton, ISB No. 11192
FISHER & HUDSON, PLLC
950 W. Bannock St., Ste. 630
Boise, Idaho 83702
(208) 345-7000
jeremiah@fisherhudson.com
marta@fisherhudson.com
service@fisherhudson.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEFFIE PAVEY and SHAWNA MACDONALD,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>WEST BONNER COUNTY SCHOOL DISTRICT 83,<br><br>　　　　Defendant. | Civil Case No.: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs Steffie Pavey ("Plaintiff Pavey") and Shawna MacDonald ("Plaintiff MacDonald") (jointly "Plaintiffs"), by and through their counsel of record, FISHER & HUDSON, PLLC, and complain and allege against Defendant as follows:

## I.　　PARTIES & JURISDICTION

1. Plaintiff Pavey is an individual residing in Priest River, Idaho.

2. Plaintiff MacDonald is an individual residing in Oldtown, Idaho.

3. Defendant, West Bonner County School District 83 ("WBCSD") is a political subdivision of the State of Idaho with offices located at 134 Main St, Priest River, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL—1**

4. This Court has jurisdiction over Plaintiffs' federal claims in this action by virtue of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*.

5. Venue of this Court is appropriate pursuant to 29 U.S.C. § 1391(b), and (c).

## II. GENERAL ALLEGATIONS

6. Plaintiffs were, at all relevant times, "employees" of WBCSD as defined by 29 U.S.C. § 203(e)(1).

7. Plaintiff Pavey was hired as an employee of WBCSD in February of 2019 as a teacher.

8. On or around July of 2021, Plaintiff Pavey became WBCSD's Business manager.

9. At all relevant times, WBCSD classified Plaintiff Pavey as a non-exempt employee, as such Plaintiff Pavey was entitled to receive overtime pay for all hours worked above 40 hours in any given week.

10. On July 12, 2023, WBCSD Superintendent Branden Durst ("Superintendent Durst") informed Plaintiff Pavey that she was no longer an employee at WBCSD because June 30, 2023 was the last day of the term noted in her current Employment Agreement. *See* **Exhibit A** (July 12, 2023 Email from Branden Durst) and **Exhibit B** (Employment Agreement Steffie Pavey effective August 19, 2022).

11. Further, Superintendent Durst erroneously indicated in his July 12, 2023 termination email to Plaintiff Pavey that upon reaching the last day of the term of her Employment Agreement, Plaintiff Pavey became an "Independent Contractor".

12. At the time of termination of her employment, Plaintiff Pavey held the position of Business Manager. As a Business Manager Plaintiff Pavey was responsible for, among many other things, assisting the superintendent in preparation of the budget, the administration of the budget,

**COMPLAINT AND DEMAND FOR JURY TRIAL—2**

serving as general accountant, monitoring purchase orders, maintaining financial records, and monitoring cash flow.

13. At all times through the course of Plaintiff Pavey's employment as a Business Manager she has been an employee of the WBCSD.

14. Plaintiff Pavey was under the impression that a written Employment Agreement was not required for anyone in her position of employment.

15. The first Employment Agreement was signed by Plaintiff Pavey on July 26, 2021, and covered Plaintiff Pavey's employment from July 1, 2021 through June 30, 2022.

16. Plaintiff Pavey continued working as an employee of WBCSD from July 1, 2022, to August 21, 2022, despite not having a current, signed Employment Agreement covering that time-period.

17. The second Employment Agreement was signed by Plaintiff Pavey on August 22, 2022, but covered Plaintiff Pavey's employment from July 1, 2022 through June 30, 2023.

18. Plaintiff Pavey continued working in her role as Business Manager from July 1, 2023, until the date of her termination by Superintendent Branden Durst. Shortly thereafter, Plaintiff Pavey was contacted by an employee in the IT Department requesting that she hand over her computer, keys and other school property, confirming that she was terminated from her position.

19. At the time of Plaintiff Pavey's termination, Plaintiff's Pavey's hourly wage was $40.37 per hour.

20. Plaintiff Pavey worked approximately forty-eight (48) hours during the month of July of 2023.

21. On or about July 25, 2023, was WBCSD's regularly scheduled payday.

**COMPLAINT AND DEMAND FOR JURY TRIAL—3**

22. Plaintiff Pavey did not receive payment on July 25, 2023, for the work she performed in July of 2023, nor has she received any payment since.

23. Plaintiff MacDonald was hired as an employee of WBCSD in or around July of 2021.

24. At all relevant times, WBCSD classified Plaintiff MacDonald as a non-exempt employee, as such Plaintiff MacDonald was entitled to receive overtime pay for all hours worked above 40 hours in any given week.

25. On July 14, 2023, WBCSD Superintendent Branden Durst informed Plaintiff MacDonald that she was no longer an employee at WBCSD because June 30, 2023 was the last day of the term noted in her current Employment Agreement. *See* **Exhibit C** (July 14, 2023 Email from Branden Durst) and **Exhibit D** (Employment Agreement Shawna MacDonald effective August 19, 2022).

26. Further, Superintendent Durst erroneously indicated in his July 14, 2023 termination email to Plaintiff MacDonald that upon the end of her Employment Agreement, Plaintiff MacDonald became an "Independent Contractor".

27. At the time of termination of her employment, Plaintiff MacDonald held the position of Payroll/Accounts Payable. In the Payroll/Accounts Payable position, Plaintiff MacDonald was responsible for, among other things, matching invoices to purchase orders, entering invoices for payment, processing payments and issuing checks to vendors, researching and resolving vendor inquiries, annual tax filing, setting up new employee information for payroll, processing payroll for employees, reconciling benefit invoices, and quarterly reporting and annual tax reporting.

**COMPLAINT AND DEMAND FOR JURY TRIAL—4**

28. At all times through the course of Plaintiff MacDonald's employment, she was an employee of the WBCSD.

29. Plaintiff MacDonald had Employment Agreements in place covering most of the span of her employment with WBCSD.

30. The first Employment Agreement covered from her starting date until June 30, 2022, which applied to Plaintiff MacDonald's role as Payroll/Accounts Payable.

31. Plaintiff MacDonald continued working as an employee of WBCSD from July 1, 2022, to August 21, 2022, despite not having a current signed Employment Agreement covering that time-period.

32. The second Employment Agreement was signed by Plaintiff MacDonald on August 22, 2022, but covered Plaintiff MacDonald's employment from July 1, 2022, through June 30, 2023.

33. Plaintiff MacDonald continued working in her role as Payroll/Accounts Payable from July 1, 2023, until the date of her termination by Superintendent Branden Durst.

34. At the time of Plaintiff MacDonald's termination, Plaintiff's MacDonald's hourly wage was $25.90 per hour.

35. Plaintiff MacDonald performed approximately 39 hours of work during the month of July of 2023.

36. Plaintiff MacDonald did not receive payment on July 25, 2023, for the work she performed in July of 2023, nor has she received any payment since.

### III. CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGE

**COMPLAINT AND DEMAND FOR JURY TRIAL—5**

37. Plaintiffs incorporate the allegations contained in the paragraphs above as if fully set forth herein.

38. Defendant is an employer covered under the FLSA and is subject to its provisions pursuant to 29 U.S.C. § 201 *et seq*.

39. Plaintiff Pavey was an employee of Defendant from February of 2019 until July 12, 2023.

40. Plaintiff MacDonald was an employee of Defendant from July of 2021 until July 14, 2023.

41. WBCSD is a government agency that is covered by the requirements of the FLSA.

42. Defendant failed to pay Plaintiff Pavey minimum wage for all hours worked by Plaintiff Pavey during her last pay period and up through the termination of her employment on July 12, 2023.

43. Defendant failed to pay Plaintiff MacDonald minimum wage for all hours worked by Plaintiff MacDonald during her last pay period and up through the termination of her employment on July 14, 2023.

44. Defendant's violations of the FLSA have significantly damaged Plaintiff Pavey and Plaintiff MacDonald and entitled them to recover the total amount of their unpaid wages, an additional equal amount of liquidated damages, and attorneys' fees and costs.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. That the Court find that Defendant has violated the minimum wage provisions of the FLSA, 29 U.S.C. § 207 as to Plaintiffs;

B. That the Court find that Defendant's wage and hour violations as described have

**COMPLAINT AND DEMAND FOR JURY TRIAL—6**

    been willful;

C. That the Court award to Plaintiffs compensatory, liquidated, and punitive damages, interest, and statutory penalties subject to proof at trial pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

D. That Plaintiffs be awarded reasonable attorneys' fees and costs pursuant to FLSA 29 U.S.C. § 216(b) and/or other applicable law; and

E. For such further and other relief the court deems appropriate.

## V. <u>JURY DEMAND</u>

The Plaintiffs hereby demand a trial by jury of all issues herein.

DATED this 7th day of August 2023.

                                            FISHER HUDSON

                                            */s/ Jeremiah Hudson*_____
                                            Jeremiah Hudson
                                            *Attorney for Plaintiffs*

**COMPLAINT AND DEMAND FOR JURY TRIAL—7**

# EXHIBIT A



[EXTERNAL EMAIL] This message originated outside of your organization. Remember to always use caution when opening attachments or clicking on links.

---------- Forwarded message ---------
From: **Branden Durst** <brandendurst@sd83.org>
Date: Wed, Jul 12, 2023 at 3:30 PM
Subject: Contract
To: <steffie.pavey@gmail.com>
Cc: Keith Rutledge <keithrutledge@sd83.org>, <chris@yorgasonlaw.com>

Dear Ms. Pavey,

You do not currently have a signed contract with the district, therefore you are not an employee of the district, therefore FMLA does not apply. It is my understanding that you have been working in the last 11 days since your contract expired. Since you have been doing that work without having a contract we will pay you as an independent contractor for that time. Please invoice the district for any hours worked since July 1st at your hourly rate of $38.35.

If you have further questions, please contact WBCSD's attorney, Chris Yorgason, who is cc'd on this email.

Sincerely,

--
Branden Durst, MPA, EdS
Superintendent
West Bonner County School District #83

PRIVILEGED COMMUNICATION
The information contained in this e-mail, and any attachments thereto, is only for the use of the recipient(s) named above. If you are not the intended recipient of this e-mail and any attachments, or an agent responsible for delivering it to the intended recipients, you are hereby notified that any use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by e-mail, permanently delete the e-mail and any attachments immediately, and destroy all copies.


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited

--
Steffie Pavey
steffiepavey@gmail.com
(208) 304-4646

# EXHIBIT B

EMPLOYMENT AGREEMENT

This Agreement, made this 19th day of August, 2022, by and between West Bonner County School District No. 83 ("the District") and **Steffie Pavey** ("Employee").

In consideration of the mutual promises, covenants and conditions contained herein the parties hereto agree as follows:

1. Duties of Employee:

a. The District employs Employee, on an at will basis, as **Business Manager** to perform the customary duties of that position as set forth by the District's written job description attached hereto and incorporated herein by reference as if set out in full.

b. The written job description and employment duties for employee may change from time to time. It is at the discretion of the District's Board of Trustees by and through the delegated authority of the District's Board provided through the superintendent of the District. In the event any such change is made to the attached written job description the employee is responsible for fulfilling the duties identified in such a modified written job description.

c. It is agreed that the employee will devote full time attention and energy to the business of the District during the term of this employment agreement.

d. It is further agreed that Employee will meet and abide by all applicable District policies and procedures as well as the provisions of any classified employee manual adopted by the District. Failure to comply as required herein may be grounds for discipline, up to and including possible termination.

e. The term of this agreement will be for a total of 229 work days commencing on July 1, 2022 through June 30, 2023. Though this Agreement contains a written statement of duration, either party may terminate the agreement at any time prior to the completion of the stated term, with or without cause. It is understood that Employee is an **"At Will Employee"**.

2. Compensation:

a. As full compensation for the services rendered by Employee under this agreement the District shall pay to the employee **Seventy-three Thousand Six Hundred Twenty-eight ($73628)** in salary, divided into twelve equal monthly installments.

b. It is further agreed that employee is entitled to receive the standard benefits package provided to all fulltime classified District employees.

3. Termination:

a. The District, either through action of the District's Board of Trustees, or by the delegated authority provided to the District Superintendent may terminate Employee's employment at any time, with or without cause. It is recognized and agreed by the parties that Employee is an "**At Will**" employee.

4. Miscellaneous:

a. This Agreement supersedes any and all other prior agreements between parties, either oral or written, with respect to the employment of Employee.

b. This Agreement and all provisions thereunder are governed by and construed in accordance with the laws of the State of Idaho applicable to agreements made and to be performed wholly within the state irrespective of such state's choice of law principles.

In witness of the above, each party to this agreement has caused it to be executed on the date indicated below:

_Steffie Pavey_      08/22/2022
Steffie Pavey      Date
West Bonner County School District

_Margaret W. Hall_      9/30/22
By Margaret Hall      Date
Board Chair

# EXHIBIT C



## Fwd: FMLA leave
1 message

Mon, Jul 17, 2023 at 10:59 AM



**From:** Branden Durst <brandendurst@sd83.org>
**Date:** July 14, 2023 at 4:52:14 PM PDT
**To:** Shawna MacDonald <shawnamacdonald@sd83.org>
**Cc:** chris@yorgasonlaw.com
**Subject: Re: FMLA leave**

Shawna,

You do not currently have a signed contract with the district, therefore you are not an employee of the district, therefore FMLA does not apply. If you'd like to discuss this further, please free to call me at 208-946-7909. However, If you'd prefer not to call, which is entirely your perogative, the District will compensate you for the days you worked since your contract expired. Since you have been doing that work without having a contract we will pay you as an independent contractor for that time. Please invoice the District for any hours worked since July 1st at your previous hourly rate.

Sincerely,

Branden Durst

On Wed, Jul 12, 2023 at 3:55 PM Shawna MacDonald
<shawnamacdonald@sd83.org> wrote:
> I know that I sent you a copy of my doctor's note earlier today, but I haven't heard
> from either Steffie or Cheyenne about requesting to take FMLA leave so I wanted to
> make sure to forward it on to you as well.
>
> Thank you.

---------- Forwarded message ---------
From: **Shawna MacDonald** <shawnamacdonald@sd83.org>
Date: Tue, Jul 11, 2023 at 7:42 PM
Subject: FMLA leave
To: Steffie Pavey <steffiepavey@sd83.org>, Cheyenne Coleman <cheyennecoleman@sd83.org>

Good Evening,
I am reaching out to both of you because I feel that I need to request to take FMLA leave. I am attaching a copy of the letter I received from my doctor today. I would like to apply for the FMLA to begin after the date on this letter.
Please let me know what I need to do.

Sent from my iPhone

--
Thank you,

# Shawna MacDonald
Payroll/Accounts Payable
WBCSD #83
208-448-4439 x6

--
Branden Durst, MPA, EdS
Superintendent
West Bonner County School District #83

**PRIVILEGED COMMUNICATION**

The information contained in this e-mail, and any attachments thereto, is only for the use of the recipient(s) named above. If you are not the intended recipient of this e-mail and any attachments, or an agent responsible for delivering it to the intended recipients, you are hereby notified that any use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by e-mail, permanently delete the e-mail and any attachments immediately, and destroy all copies.

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited

# EXHIBIT D

EMPLOYMENT AGREEMENT

This Agreement, made this 19th day of August, 2022, by and between West Bonner County School District No. 83 ("the District") and **Shawna MacDonald** ("Employee").

In consideration of the mutual promises, covenants and conditions contained herein the parties hereto agree as follows:

1. Duties of Employee:

a. The District employs Employee, on an at will basis, as **Payroll/Accounts Payable** to perform the customary duties of that position as set forth by the District's written job description attached hereto and incorporated herein by reference as if set out in full.

b. The written job description and employment duties for employee may change from time to time. It is at the discretion of the District's Board of Trustees by and through the delegated authority of the District's Board provided through the superintendent of the District. In the event any such change is made to the attached written job description the employee is responsible for fulfilling the duties identified in such a modified written job description.

c. It is agreed that the employee will devote full time attention and energy to the business of the District during the term of this employment agreement.

d. It is further agreed that Employee will meet and abide by all applicable District policies and procedures as well as the provisions of any classified employee manual adopted by the District. Failure to comply as required herein may be grounds for discipline, up to and including possible termination.

e. The term of this agreement will be for a total of 229 work days commencing on July 1, 2022 through June 30, 2023. Though this Agreement contains a written statement of duration, either party may terminate the agreement at any time prior to the completion of the stated term, with or without cause. It is understood that Employee is an "**At Will Employee**".

2. Compensation:

a. As full compensation for the services rendered by Employee under this agreement the District shall pay to the employee **Forty-one Thousand Five Hundred Fifty-nine ($41559)** in salary, divided into twelve equal monthly installments.

b. It is further agreed that employee is entitled to receive the standard benefits package provided to all fulltime classified District employees.

3. **Termination:**

a. The District, either through action of the District's Board of Trustees, or by the delegated authority provided to the District Superintendent may terminate Employee's employment at any time, with or without cause. It is recognized and agreed by the parties that Employee is an **"At Will"** employee.

4. Miscellaneous:

a. This Agreement supersedes any and all other prior agreements between parties, either oral or written, with respect to the employment of Employee.

b. This Agreement and all provisions thereunder are governed by and construed in accordance with the laws of the State of Idaho applicable to agreements made and to be performed wholly within the state irrespective of such state's choice of law principles.

In witness of the above, each party to this agreement has caused it to be executed on the date indicated below:

_____     8/22/22
Shawna MacDonald                              Date
West Bonner County School District

_____     9/22/22
By Margaret Hall                                    Date
Board Chair